FILED
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION 2007 DEC 17 PM 1 38

|  |  |
|---|---|
| IN RE STILLWATER MINING COMPANY SECURITIES LITIGATION | ) ) ) ) ) CV-03-93-BLG-RFC<br>BY _____<br>DEPUTY CLERK |

## ORDER AND FINAL JUDGMENT

On the 17th day of December, 2007, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement of Class Action dated May 2, 2007 (the "Class Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against the Defendants in the Second Consolidated Complaint now pending in this Court under the above caption, including the release of the Defendants and the Released Persons, and should be approved; (2) whether judgment should be entered dismissing the Second Consolidated Complaint on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are members of the Settlement Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Settlement Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased or otherwise acquired the common stock of Stillwater Mining Company ("Stillwater") between April 20, 2001 and April 1, 2002, inclusive (the "Settlement Class Period"), except those persons or entities excluded from the definition of the Settlement Class, as shown by the records of Stillwater's transfer agent, at the respective addresses set forth

in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of The Wall Street Journal pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Settlement Class Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Federal Class Action, the Class Lead Plaintiffs, all Settlement Class Members, and the Defendants.

2. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class they seek to represent; (d) the Settlement Class Representatives and Class Plaintiffs' Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure this Court hereby finally certifies this action as a class action on behalf of all persons who purchased or otherwise acquired the common stock of Stillwater Mining Company ("Stillwater") between April 20, 2001 and April 1, 2002, inclusive, and who allegedly were damaged thereby. Excluded from the Settlement Class are the Defendants, their immediate families, any entity in which any defendant

has a controlling interest, and the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party. No timely and valid requests for exclusion from the Settlement Class were received.

4. Notice of the pendency of this Federal Class Action as a class action and of the proposed Settlement was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5. The Settlement is approved as fair, reasonable, and adequate, and the Settlement Class Members and the Settling Class Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Class Stipulation.

6. The Second Consolidated Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Class Stipulation, as against the Defendants.

7. Members of the Settlement Class and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting the

"Released Federal Class Claims" (as defined below) against Defendants and each of a Defendant's past or present directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives, estates, predecessors, successors, parents, subsidiaries, divisions, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of their immediate families, or any trust of which any Defendant is the settlor or which is for the benefit of any Defendant or member(s) of his family (the "Released Persons"). The Released Federal Class Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Persons on the merits and with prejudice by virtue of the proceedings herein and this Judgment.

8. "Released Federal Class Claims" means and includes any and all claims, causes of action, demands, rights, or liabilities, including but not limited to claims for negligence, gross negligence, professional negligence, breach of duty of care or breach of duty of loyalty or breach of duty of candor, breach of fiduciary duty, mismanagement, corporate waste, malpractice, breach of contract, fraud, negligent misrepresentation, violations of any state statutes, or federal statutes, rules or regulations, and any "Unknown Claims," that have been or that could have been asserted in this or any other forum by or on behalf of the Class Lead Plaintiffs, the Settlement Class, or any Member of the Settlement Class based on or related to their purchase or other acquisition, holding, voting or disposition of Stillwater's common stock during the Settlement Class Period or any loss by reason thereby, including but not limited to, claims, causes of action, demands, rights, or liabilities arising out of or relating to:

4

(a) any of the facts, circumstances, allegations, claims, causes of action, representations, statements, reports, disclosures, transactions, events, occurrences, acts, omissions or failures to act, of whatever kind or character whatsoever, irrespective of the state of mind of the actor performing or omitting to perform the same that have been or could have been alleged in any pleading, amended pleading, argument, complaint, amended complaint, brief, motion, report, discovery response or filing in the Federal Class Action based on or related to the purchase or other acquisition of Stillwater's common stock during the Settlement Class Period or any loss by reason thereby;

(b) any matter, cause, or thing whatsoever, including, but not limited to, any action, omission, or failure to act of whatever kind of character, irrespective of the state of mind of the actor performing or omitting to perform the same, arising out of or relating to the adequacy, accuracy, or completeness of any disclosure or statement made in any filings, proxy statements, prospectus, reports, press releases, statements, representations, analyst reports, or announcements concerning Stillwater's operations, subsidiaries, services, sales, income, costs, financial condition or prospects or in any filing with the Securities and Exchange Commission or any other federal or state governmental agency or regulatory board (collectively referred to as "public statements"), or in the preparation or dissemination of, or failure to disseminate, any such public statements, at any time during or concerning April 20, 2001, through and including April 1, 2002, inclusive, pertaining in any respect to any of the matters that have been or could have been alleged in any pleading, amended pleading, complaint, amended complaint, motion, or filing in the Federal Class Action based on or related to the purchase or other acquisition of Stillwater's common stock during the Settlement Class Period or any loss by reason thereby; or

(c) any of the facts, circumstances, claims, causes of action, representations, statements, reports, disclosures, transactions, events, occurrences, acts, or omissions of whatever kind or character whatsoever, regardless of the state of mind of the actor performing or omitting to perform the same, encompassed by subparagraphs (a) and (b) above, that have been or that could have been alleged, or made the subject of any claim or action in state court or otherwise under the law of any state, common law or in equity, in any pleading, amended pleading, demand, complaint, amended complaint, motion, discovery response, or filing based on or related to the purchase or other acquisition of Stillwater's common stock during the Settlement Class Period or any loss by reason thereby.

The Released Federal Class Claims do not include the derivative claims raised in the Derivative Action, which are to be released in the Derivative Action.

9.  The Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Federal Class Action or any forum by the Defendants or any of them or the successors and assigns of any of them against any of the Class Lead Plaintiffs, Settlement Class Members, or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Federal Class Action (except for claims to enforce the settlement in the Federal Class Action) (the "Released Defendants' Claims"). The Released Defendants' Claims of all the Released Persons are hereby compromised, settled, released, discharged and dismissed against Class Lead Plaintiffs,

Settlement Class Members, and their attorneys on the merits and with prejudice by virtue of the proceedings herein and this Judgment.

10. "Unknown Claims" means any Released Federal Class Claims which any Class Lead Plaintiff or Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this settlement. With respect to any and all Released Federal Class Claims and Released Defendants' Claims, the Settling Class Parties stipulate and agree that, upon the Effective Date, the Class Lead Plaintiffs and Defendants shall expressly waive, and each Settlement Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Class Lead Plaintiffs and Settlement Class Members and the Defendants and Released Persons may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Federal Class Claims and the Released Defendants' Claims, but each Class Lead Plaintiff and each Defendant shall expressly and each Settlement Class Member and each Released Person, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Federal Class Claims and

Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Class Lead Plaintiffs and Defendants acknowledge, and the Settlement Class Members and Released Persons by operation of law and this Judgment shall be deemed to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

11.   Neither this Judgment, the Class Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

   (a)   offered or received against the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Federal Class Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Federal Class Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

   (b)   offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

(c) offered or received against the Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault, omission, or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than in such proceedings as may be necessary to effectuate the provisions of the Class Stipulation; provided, however, that Defendants may refer to this Judgment and the Class Stipulation to effectuate the liability protection granted them hereunder, and may offer it in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(d) construed against the Defendants as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as a presumption, concession, or admission against Class Lead Plaintiffs or any of the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the Second Consolidated Complaint would not have exceeded the Class Settlement Amount.

12. The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Class Stipulation in accordance with its terms and provisions.

13. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

14. Class Plaintiffs' Counsel are hereby awarded 25% of the Class Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $98,869.31 in reimbursement of expenses, which amounts shall be paid to Class Plaintiffs' Lead Counsel from the Class Settlement Fund. The award of attorneys' fees shall be allocated among Class Plaintiffs' Counsel in a fashion which, in the opinion of Class Plaintiffs' Lead Counsel, fairly compensates Class Plaintiffs' Counsel for their respective contributions in the prosecution of the Federal Class Action. No dispute among Class Plaintiffs' Counsel concerning the allocation of attorneys' fees shall in any way affect the validity or finality of the Class Stipulation, nor shall any dispute lead directly or indirectly to any claim against any of the Defendants or their counsel.

15. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Class Settlement Fund, the Court has considered and found that:

(a) the settlement has created a fund of $2.55 million in cash that is already on deposit, plus interest thereon, plus any amounts received from the Derivative Settlement, and that numerous Settlement Class Members who submit acceptable Proofs of Claim will benefit from the common fund created by the Settlement negotiated by Class Plaintiffs; Counsel;

(b) Over 29,400 copies of the Joint Notice of Pendency and Proposed Settlements of Class Action and Derivative Action, Motions for Attorneys' Fees and Settlement Fairness Hearings (the "Joint Notice") were disseminated to putative Settlement Class Members indicating that Class Plaintiffs' Counsel were moving for attorneys' fees in the amount not to exceed one-quarter (25%) of the Class Settlement Fund and for reimbursement of expenses in an

amount not to exceed $150,000 and no objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Class Plaintiffs' Counsel contained in the Joint Notice;

  (c) Class Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

  (d) The Federal Class Action involves complex factual and legal issues and was actively prosecuted over four years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

  (e) Had Class Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Class Lead Plaintiffs and the Settlement Class may have recovered less or nothing from the Defendants;

  (f) Class Plaintiffs' Counsel have devoted over 2,050 hours, with a lodestar value of $741,805.25, to achieve the Settlement; and

  (g) The amount of attorneys' fees awarded and expenses reimbursed from the Class Settlement Fund are consistent with awards in similar cases.

  16. Exclusive jurisdiction is hereby retained over the Settling Class Parties and the Settlement Class Members for all matters relating to this Federal Class Action, including the administration, interpretation, effectuation or enforcement of the Class Stipulation and this Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Members of the Settlement Class.

17. Without further order of the Court, the Settling Class Parties may agree to reasonable extensions of time to carry out any of the provisions of the Class Stipulation.

18. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

Dated:  Billings, Montana
        12/17, 2007

HONORABLE RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE

12